## PARRISH v. CHESAPEAKE & O. RY. CO.*

### No. 3354.

#### Circuit Court of Appeals, Fourth Circuit.

#### Nov. 28, 1932.

*Rehearing denied January 17, 1933.

T. Julian Warren, of Raleigh, N. C., for appellant.

Meade T. Spicer, Jr., of Richmond, Va. (Leake & Spicer, of Richmond, Va., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and MEEKINS, District Judge.

SOPER, Circuit Judge.

The appeal in this case questions the correctness of the action of the District Court in sustaining a motion of the defendant in the court below to dismiss the plaintiff's action at law on the ground that it did not lie within the jurisdiction of the court. The declaration stated that on or about August 15, 1922, the Chesapeake & Ohio Railway Company, the defendant, entered into a contract of employment with the plaintiff as a car repairer, wherein the rate of pay and the hours of labor were fixed; and it was agreed that the term of employment of the plaintiff should be continued for life, or as long as he should be physically able to do the work. It was further alleged that the plaintiff immediately entered upon his duties and continued to perform satisfactory work until January 24, 1931, when the defendant wrongfully discharged him from its service, although he was then and has ever since been willing, able, and ready to perform the duties assigned to him. Damages in the sum of $25,000 for the breach of the contract were claimed.

The appellant contends that the court has jurisdiction because the contract of employment was entered into pursuant to title 3 of the Transportation Act of 1920, 45 U. S. C. 132–146 (45 USCA §§ 132–146) and the Railway Labor Act of 1926, 45 U. S. C. 151–163 (45 USCA §§ 151–163), and that a construction of these acts is necessary to a proper determination of the case. No specific provision of either act is pointed out as applicable to the controversy in this case, and we know of no provision of either act which has any bearing on the matter in dispute. Title 3 of the Transportation Act of 1920, which has reference to disputes between carriers and employees, has been repealed and in its place the Railway Labor Act of 1926 has been substituted. The provisions of these statutes and their relevancy to an action of this sort have been fully discussed in the opinion of this court filed this day in the case of P. O. Malone v. Lynn Gardner et al., 62 F.(2d) 15. For the reasons therein expressed, we think that the decision of the District Court in dismissing the case for lack of jurisdiction was correct, and it is affirmed.